[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16395
Non-Argument Calendar

_____

BIA No. A79-443-267

VASIL MAKSAKULI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 25, 2006)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Vasil Maksakuli ("Maksakuli"), through counsel, petitions for review of the

final order of the Board of Immigration Appeals ("BIA"), dismissing his appeal of the Immigration Judge's ("IJ's") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 18 U.S.C. § 1101-1537.[1]

On appeal, Maksakuli, through counsel, asserts that the BIA should have reviewed the IJ's finding that he was not credible. Moreover, Maksakuli asserts, he demonstrated, via credible testimony, that: (1) his family was blacklisted by the Albanian government because of his grandparents' opposition to the Communist regime; (2) he was persecuted by the Albanian government because of his involvement in the Democratic Party; (3) he was beaten on more than one occasion by the Albanian police because of his political beliefs; (4) he received anonymous telephone calls threatening to kidnap his daughter and force her to be a prostitute in Europe; and (5) unidentified men threatened to dismember his son. Maksakuli argues that this testimony was sufficient to demonstrate that he had suffered past persecution and was, thus, eligible for asylum. Maksakuli further notes that, although he did not submit documentary evidence corroborating his testimony, the IJ failed to consider his explanation for the absence of such evidence.

---

[1] The IJ also denied Maksakuli relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). Maksakuli, however, only briefly mentions this claim on appeal, and makes no argument as to this issue. Therefore, this claim has been abandoned. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating that petitioner abandoned his CAT claim because he did not raise it in his brief on appeal); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that a passing reference to an issue in an appellate brief does not raise the issue for purposes of appellate review).

2

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA in this case adopted and affirmed the IJ's decision, we will "review the IJ's analysis as if it were the [BIA's]." See id. To the extent that the BIA's (or the IJ's, as applicable) decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992). We recently explained that "only in a rare case does the record compel the conclusion that an applicant suffered past persecution or has a well-founded fear of future persecution." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1239 (11th Cir. 2006) (describing how evidence presented by applicant supports an inference that she was persecuted, but does not compel such a conclusion).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). An alien is entitled to asylum

3

if he or she can establish, with specific and credible evidence: (1) past persecution on account of his or her membership in a particular social group, political opinion, or other statutorily listed factor, or (2) a "well-founded fear" that his or her membership in a particular social group, political opinion, or other statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. Establishing a nexus between the statutorily-listed factor and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily-listed factor. Id. at 1287 (internal quotation omitted).

If the alien demonstrates past persecution, he or she is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. 8 C.F.R § 208.13(b)(1). If, however, the alien does not establish past persecution, he or she bears the burden of showing a well-founded fear of persecution by showing that (1) he or she fears persecution based on his or her membership in a particular social group, political opinion, or other statutorily-listed factor; (2) there is a reasonable possibility he or she will suffer persecution if removed to his or her native country; and (3) he or she could not avoid persecution by relocating to another part of his or her country, if under all the circumstances it

would be reasonable to expect relocation.  See 8 C.F.R. § 208.13(b)(2), (3)(i).

As an initial matter, the IJ detailed numerous inconsistencies between Maksakuli's application and his testimony at the removal hearing, and explicitly made an adverse credibility determination.  However, the BIA did not adopt or affirm the IJ's credibility determination, instead affirming the IJ's decision on other grounds, and, thus, we need not address that credibility finding.  See Al Najjar, 257 F.3d at 1284.  The BIA held that, even assuming that Maksakuli's testimony was credible, Maksakuli failed to meet his burden of proof. We conclude that substantial evidence supports the BIA's and IJ's determinations that Maksakuli failed to demonstrate either past persecution or a well-founded fear of future persecution on account of a protected ground, as Maksakuli failed to demonstrate  that he was persecuted on account of his political opinion, his nationality, or his religion.  8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

Maksakuli points to (1) a series of threatening telephone calls, (2) an incident where individuals threatened and assaulted his son on the street, (3) the threats he received regarding his daughter, and (4) the beatings he received at political rallies.  First, with regard to the threatening telephone calls and the threats to kidnap his daughter that Maksakuli allegedly received, we have explained that a few isolated incidents of verbal harassment or intimidation do not rise to the level of persecution.  See Sepulveda v. U.S. Att'y Gen, 401 F.3d 1226, 1231 (11th Cir.

5

2005).  Second, to the extent that Maksakulli and his son were physically harmed, neither Maksakuli nor his son could definitively identify the individuals who harmed them, and, thus, they have not demonstrated that they were targeted on account of Maksakuli's political opinion.  Although these incidents may permit a finding of past persecution, they do not compel such a conclusion.

Moreover, it is noteworthy that the 2004 Profile contradicts Maksakuli's claim that there was animosity between the Democratic Party and the Socialist Party or Socialist government, stating that "[t]here are no indications that the Socialist Party, either through its own organization or through government authorities, is engaged in a pattern of repression or violent behavior against its opponents."  The 2001 and 2003 Country Reports stated that the police force was corrupt, underfunded, untrained, and unreliable, and would frequently arrest and detain persons arbitrarily, but the reports indicated that there were no confirmed cases of persons being detained solely for political reasons.

Finally, Maksakuli failed to show that there was a reasonable possibility of persecution that could not be avoided by relocating to another part of Albania. Because Maksakuli cannot meet his burden for asylum, he also cannot meet the higher burden for withholding of removal under the INA.  See Al Najjar, 257 F.3d at 1293, 1303. The BIA's decision is supported by substantial evidence.  Upon review of the record and consideration of the parties' briefs, we discern no

reversible error.  Thus, we deny Maksakuli's petition.

**PETITION DENIED.**